# LINDSEY *v.* PENNSYLVANIA RAILROAD COM-
## PANY.**

---

### CARRIERS; POSTAL CLERKS AS PASSENGERS.

1. In the carriage of postal clerks of the United States, charged with
    duties respecting the protection and proper distribution of the mails
    carried under contracts in accordance with law, a carrier is under
    the same obligation to them, as regards suitable and safe carriage,

---

*Carriers—Postal Clerks.—As to liability of railroad companies to
postal clerks for injuries received on trains, see the authorities presented
in editorial note to *Cleveland, C. C. & St. L. R. Co.* v. *Ketcham,* 19 L. R. A.
339.

**See Lindsey v. Pennsylvania R. Co. *ante,* p. 125.—Reporter.

that it is to its ordinary passengers. (Following *Weaver* v. *Baltimore & O. R. Co.* 3 App. D. C. 436, 451; *Chesapeake & O. R. Co.* v. *Patton,* 23 App. D. C. 113, 121.)

2. United States Rev. Stat. secs. 4002 and 4005 (U. S. Comp. Stat. 1901, pp. 2719 and 2723), providing that postal cars shall be properly heated for the accommodation of postal clerks, imposes a duty upon the carrier, and for a breach of this duty a right of action accrues to every postal clerk injured thereby. This right of action is not confined to the breach of the contract of carriage, but arises from the wrong done in the negligent performance of the duty imposed upon the carrier. (Following *Chesapeake & O. R. Co.* v. *Patton, supra.*)

3. *Semble,* that a railway mail clerk has, at common law, the right to maintain an action against a carrier for negligent failure to heat the mail car provided for his transportation along with the mails in his charge.

No. 1573. Submitted December 13, 1905. Decided January 4, 1906.

HEARING on an appeal by the plaintiff from a judgment of the Supreme Court of the District of Columbia in favor of the defendant, a verdict for the defendant having been directed by the court, in an action for personal injuries. *Reversed.*

The COURT in the opinion stated the facts as follows:

This action was brought by Wilson McD. Lindsey, in the supreme court of the District, against the Pennsylvania Railroad Company and the Philadelphia, Baltimore, & Washington Railroad Company jointly.

The substantial allegations of the declaration are: That defendants, as common carriers, jointly operate lines of railway between the city of Washington and Jersey City; that, being post roads under and by virtue of the laws of the United States and the regulations of the Postoffice Department thereof, the defendants were employed to transport the mails of the United States, and the route agents or postal clerks accompanying the same, and in so doing undertook to provide the necessary postal cars, and to keep the same warmed, as required by law; that on each of the following dates—November 20, November 28, and December 11, 1903—plaintiff was a route agent or postal clerk

of the United States, and was compelled to accompany certain of their mails then being carried by defendants in postal cars between the places aforesaid; that on the said occasions the defendants neglected their duty in respect of warming and keeping warmed said postal cars in which plaintiff was compelled to ride in the performance of his duties, and carried the same in excessively cold weather without any heat whatsoever; that, by reason of his having been compelled to ride in said unheated cars in the performance of his duty, plaintiff contracted a severe cold, which resulted in pneumonia, causing him bodily and mental suffering and expense, and greatly impairing his natural health and strength, etc., to his great damage, etc.

Plaintiff offered evidence tending to prove the several material allegations of his declaration, but before its conclusion the court announced that further evidence would prove a useless consumption of time, as, in his view of the law, the action was not maintainable. This view was that, as the injury complained of was the result of a breach of the contract with the United States for the carriage of mails and route agents, the plaintiff could have no right of action therefor.

The bill of exceptions records a brief statement of a colloquy between the court and counsel on this point, in which counsel contended that the action was not for the breach of the contract, but in tort for the breach of a duty imposed by law in part for the benefit of plaintiff and other route agents. The court denied this contention, and reaffirmed his intention to take the case from the jury on that ground alone. He admitted that, under the plaintiff's view of the law, his damages had been sufficiently proved. Plaintiff, however, offered to introduce further evidence in support of his allegations. For the reason before given, the court declined to permit this. On motion of the defendants, then formally made, the court directed the jury to return a verdict for them. Plaintiff reserved exceptions covering all the rulings made, and has appealed from the judgment entered on the verdict.

*Mr. Burton T. Doyle* and *Mr. J. Atheus Johnson* for the appellant.

*Mr. F. D. McKenney, Mr. J. S. Flannery,* and *Mr. Wm. Hitz* for the appellees.

Mr. Chief Justice SHEPARD delivered the opinion of the Court:

We are of the opinion that the court erred in taking the case from the jury. It is settled law that in the carriage of the route agents or postal clerks of the United States, charged with duties respecting the protection and proper distribution of the mails carried under contracts in accordance with law, the carrier is under the same obligation to them, as regards suitable and safe carriage, that it is to its ordinary passengers. *Gleeson* v. *Virginia Midland R. Co.* 140 U. S. 435, 35 L. ed. 458, 11 Sup. Ct. Rep. 859; *Chesapeake & O. R. Co.* v. *Patton,* 23 App. D. C. 113, 121; *Weaver* v. *Baltimore & O. R. Co.* 3 App. D. C. 436, 451.

Had plaintiff sustained injuries through the derailment of the cars, or a collision, as a consequence of defendants' negligence, there could be no possible doubt, under those decisions, of his right to recover. We perceive no substantial difference between such a case and this.

The statutes of the United States, and not the contract, merely, under which the mails are carried, expressly provide that the postal cars shall be properly fitted up, furnished, warmed, and lighted for the accommodation of the route agents who accompany and distribute the mails. Rev. Stat. secs. 4002, 4005, U. S. Comp. Stat. 1901, pp. 2719, 2723.

Whether the failure to provide the required accommodations may also constitute a breach of a contract made with the United States is immaterial. The provisions of the statutes were expressly intended for the benefit of mail agents and clerks compelled to accompany the mails during their transportation, and would seem to form a material inducement to their entry into contracts with the United States for such services. For a breach of this duty imposed for their benefit, whereby an injury is sustained, a right of action accrues.* As in the case of injury to

---

*See *Clements* v. *Potomac Electric Power Co. ante,* p. 482.—Reporter.

an ordinary passenger, the right of action is not confined to the breach of a contract for carriage, but lies for the wrong done in the negligent performance of the duty imposed upon the carrier. Chesapeake & O. R. Co. v. Patton, supra. That was an action for injuries sustained by a route agent or clerk in a collision resulting from negligence, and the declaration recited a contract between the United States and the defendant for the carriage of the mails and clerks in charge thereof. A judgment for the plaintiff was sustained. Mr. Justice Morris, who delivered the opinion of the court, said: "Argument, in our opinion, would be utterly useless to show that the declaration in this case is one in tort, and not upon contract. The matter is too plain for argument. There is, it is true, a contract stated as existing between the United States and the appellant, whereby the appellee was entitled to be transported with the mails on the mail car of the appellant's train; but this is only stated to show that the appellee was lawfully on the appellant's train, and entitled to be transported safely by the appellant. The charge of the declaration is that the appellee was injured by the appellant's negligence in contravention of the duty which the appellant owed to the appellee in consequence of the contract aforesaid. This is plainly the statement of an action on tort, and not of an action on contract. The statement of the contract is only by way of inducement.

"The substantial question in the case, if at this day it can be called substantial, or could ever at any time have been reasonably so considered, is whether the appellant owed any duty to the appellee, such as it owed to the ordinary passenger whom it contracts to transport for hire; and what the degree of that duty is, if it does owe any. The question has long since been decided adversely to the contention of the appellant by the Supreme Court of the United States, and by numerous other tribunals, as well as by this court."

The declaration in this case does not go so far in its allegations of a contract, but merely makes a general statement of facts showing that the plaintiff was carried on the defendants' cars, under conditions raising up the duty imposed by the statute, and

then alleges specific breaches of that duty and the receipt of injuries directly resulting therefrom.

The common law, without re-enforcement of statute, makes it the duty of common carriers to provide suitable cars for the transportation of ordinary contract passengers, and confers a right of action upon one of these who can show that he has suffered injury through negligent failure to heat the cars properly in cold weather.

As the plaintiff in this case has the ordinary right of a passenger, though not carried in a regular passenger car, it might be that he, too, would have a right of action, without the aid of a statute, for injuries resulting directly from the negligent failure to heat the car provided for his transportation along with the mails in his charge. However this might be, the duty of heating the car is imposed by the express command of the statute, independently of any special contract between the carriers and the United States that may also have contained a stipulation to the same effect.

If an ordinary passenger, which is undoubtedly true, has a right of action under a statute imposing duties looking to the comfort and safety of the general traveling public, for injury sustained by reason of failure of performance, there ought to be a similar right in one of a special class of passengers under a statute devised for their comfort and safety in the necessary conditions of their transportation.

The court erred in taking the case from the jury, and for that reason the judgment must be reversed, with costs, and the cause remanded for another trial. It is so ordered. *Reversed.*